UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TERRY TONASKET, dba STOGIE
SHOP; and DAVID T. MILLER, an
individual,

         Plaintiffs,

    v.

TOM SARGENT, TOBACCO TAX
ADMINISTRATOR, and THE
COLVILLE BUSINESS COUNCIL;
MICHAEL O. FINLEY, CHAIRMAN;
HARVEY MOSES JR.; SYLVIA
PEASLEY; BRIAN NISSEN; SUSIE
ALLEN; CHERIE MOOMAW; JOHN
STENSGAR; ANDREW JOSEPH;
VIRGIL SEYMOUR SR., MIKE
MARCHARD; ERNIE WILLIAMS;
DOUG SEYMOUR; SHIRLEY
CHARLEY; RICKY GABRIEL; and
THE COLVILLE CONFEDERATED
TRIBES OF THE COLVILLE INDIAN
RESERVATION, a federally
recognized Indian Tribe,

         Defendants.

NO. CV-11-073-LRS

**ORDER RE: MOTION TO DISMISS
AMENDED COMPLAINT**

    BEFORE THE COURT is Defendants' Motion To Dismiss Amended Complaint
(ECF No. 45).  This motion was heard with oral argument on October 13,
2011.  Robert Kovacevich argued for Plaintiffs.  Richard Berley,
Brian Gruber, Joshua Osborne-Klein argued for Defendants.  At the close
of the hearing, the Court placed the motion under advisement.

*///*

ORDER ~ 1

**I.   BACKGROUND**

Defendants contend that Plaintiffs' Amended Complaint (ECF No. 40) is, essentially, a challenge to a 2009 Cigarette Tax Compact between the Tribes and the State of Washington ("Compact").[1]   The Compact is a tax agreement which provides in relevant part that tribally-licensed cigarette retailers must acquire cigarettes from wholesalers who commit to pay a tribal tax at the wholesale level equal to state wholesale and sales taxes which would be applicable off-reservation. The purpose and effect of the Compact, and the Tribes' Cigarette Code, is to ensure that cigarettes sold on and off reservation to non-members bear essentially the same total tax burden.  Plaintiffs, however, aver that their Amended Complaint is an action for illegal price fixing, antitrust and unfair competition violating the Sherman and Clayton Acts.  ECF No. 40 at 14-31.

Defendants request the Court to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) and (7).  Defendants assert two grounds for dismissal of the Amended Complaint.  First, the sovereign immunity of defendant Colville Confederated Tribes ("CCT") immunizes CCT and the individually named tribal officials from plaintiffs' claims.  Second, the State of Washington is an indispensable party that cannot be joined under Fed. R. Civ. P. 19.

_Analysis_

**A.   Legal Standard**

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of the federal court's subject

---

[1]The Compact is attached to the original Complaint (ECF No. 1, at 59).

ORDER ~ 2

matter jurisdiction over the action.  Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court may look beyond the complaint. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.2000) (district court may consider extrinsic evidence when deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction); *McCarthy v. United States*, 850 F .2d 558, 560 (9th Cir.1988).  The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction.  *See Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir.1995); *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770, 778-79 (9th Cir.2000).

Under Fed.R.Civ.P. 12(b)(7), a defendant may move to dismiss an action for "failure to join a party under Rule 19." See Fed.R.Civ.P. 12(b)(7). Rule 19, in turn, "provides a three-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party." *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir.1999). First, the Court must determine whether the third party is one traditionally denominated as "necessary." *See id.*; Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL 7:55 (The Rutter Group 2010) (noting that while Rule 19 no longer uses the terms "necessary" or "indispensable," courts continue to use those labels as terms of art in the Rule 19 analysis); *Cachil Dehe Band of Wintun Indians v. California*, 547 F.3d 962, 969 n. 6 (9th Cir.2008) (noting same). A party is "necessary" and must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

ORDER ~ 3

> (B) that person claims an interest relating to the subject of
> the action and is so situated that disposing of the action in
> the person's absence may:
> (i) as a practical matter impair or impede the person's
> ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of
> incurring double, multiple, or otherwise inconsistent
> obligations because of the interest.

Fed.R.Civ.P. 19(a)(1). *See also Bowen*, 172 F.3d at 688. If the third party satisfies the above criteria, the Court must then determine whether joinder is "feasible." See Fed.R.Civ.P. 19(b); *Bowen*, 172 F.3d at 688. If joinder is not feasible, the Court "must decide whether the absent party is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue without the party." *See Bowen*, 172 F.3d at 688 (citing Fed.R.Civ.P. 19(b)).

In order to determine whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside of the pleadings. *See McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir.1960). The party moving under Rule 12(b)(7) "bear[s] the burden in producing evidence in support of the motion." *See Biagro Western Sales, Inc. v. Helena Chem. Co.*, 160 F.Supp.2d 1136, 1141 (E.D.Cal.2001) (*citing Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir.1994)).

## B.    Sovereign Immunity

Defendants assert that they have not waived their sovereign immunity. Defendants assert that the law in this jurisdiction is clear that tribal sovereign immunity may only be waived by the tribe expressly or by Congress' unequivocal abrogation. See e.g., *Kiowa Tribe*, 523 U.S. at 753-54; *Okla. Tax Com'n v. Potawatomi Ind. Tribe*, 498 U.S. 505, 510

(1991); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58-59 (1976); Cook, 548 F.3d at 725 (9th Cir. 2008); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006).

Plaintiffs assert that the Defendant Tribe has no sovereign immunity to a federal law of general applicability. And if they do have sovereign immunity, Plaintiffs argue the tribe has waived immunity. Plaintiffs rely upon *Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113 (9th Cir. 1985) for the purported "general applicability" exception to sovereign immunity. See ECF No. 49 at 4. Defendants reply that Plaintiffs confuse tribal "sovereignty" with "sovereign immunity" and *Donovan* has nothing to with tribal sovereign immunity from suits by private parties, which is not subject to implicit abrogation. Finally, Plaintiffs raise the case *Burlington Northern & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085 (9th Cir.2007) for the proposition that express waiver is not required under the current status of the law.

The Court agrees with Defendants and finds that the Tribal Defendants and CCI are immune from suit. Indian tribes, and tribal officials acting within the scope of their authority, are immune from lawsuits or court process in the absence of congressional abrogation or tribal waiver. *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998); *United States v. Yakima Tribal Court*, 806 F.2d 853, 861 (9th Cir.1986). As with absolute, qualified, and Eleventh Amendment immunity, tribal sovereign immunity "is an immunity from suit rather than a mere defense to liability; and ... it is effectively lost if a case is erroneously permitted to go to trial." *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S.

139, 143–44, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). Absent congressional abrogation or explicit waiver, sovereign immunity bars suit against an Indian tribe in federal court. *Kiowa Tribe of Okla.*, 523 U.S. at 754, 118 S.Ct. 1700. This immunity protects tribal officials acting within the scope of their valid authority. *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479–80 (9th Cir.1985). Tribal immunity "applies to the tribe's commercial as well as governmental activities." *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 725 (9th Cir. 2008) (*citing Kiowa Tribe*, 523 U.S. at 754).

The Court distinguishes this case from the *BNSF* case relied upon by Plaintiffs at oral argument. The Court does not find that this suit is the type of suit permissible under the doctrine of *Ex Parte Young*.

### C. Washington State - Indispensable Party

Defendants argue that Rule 19 prevents this case from proceeding without the State because the relief Plaintiffs seek (1) cannot be provided without the State's participation, ECF No. 46 at 17–18; (2) would expose CCT to inconsistent obligations, *id.* at 17; and (3) would prevent CCT from implementing the terms of the Compact, which would deprive both CCT and the State of Washington of the benefits of the Compact, and significantly impair the interests of both CCT and the State in ensuring a uniform level of taxation on cigarettes in the State, *id.* at 17–19. Additionally, citing *Dawavendewa v. Salt River Project Agricultural Improvement and Power Dist.*, 276 F.3d 1150, 1156–57 (9th Cir. 2002), Defendants argue that Plaintiffs ignore the "principle" that all parties to a contract must be joined in a lawsuit that would "decimate" it. Defendants conclude that because the State cannot be joined by

virtue of its Eleventh Amendment immunity, Rule 19 requires the Court to dismiss this case.

Plaintiffs offer various irreconcilable theories as to why the state is not an indispensable party. Plaintiffs seem to contend that this case is not a challenge to the Compact. ECF No. 49 at 4, 15-16. Plaintiffs, on the other hand, contend that this case should be allowed to proceed because provisions in the Compact expressly waive CCT's sovereign immunity. Plaintiffs argue that this suit should proceed because CCT "cannot force Plaintiff Tonasket to collect the MSA[2] lawsuit settlement." ECF No. 49 at 18. However, elsewhere in plaintiffs' memoranda, it is admitted that CCT is not a party to the MSA, *id*. at 9, 10, and thus the interest in protecting the validity MSA falls squarely on the State of Washington. Plaintiffs cannot have it both ways.

The Court finds that the State has significant interests in this case that would be affected if the Court were to grant the relief that Plaintiffs request. Because the Court finds above that the Defendants have sovereign immunity in this case, which has not been waived, the Court does not have to determine if the State can or cannot be joined. Likewise, the merits of this case are not currently before the Court. The case is hereby dismissed because the Defendants' tribal sovereign

///

///

///

---

[2]MSA refers to the State's lawsuit settlement. See First Amended Complaint (ECF No. 40, at 31-33)

ORDER ~ 7

immunity[3] deprives this Court of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that:

1.  Defendants' Motion to Dismiss Amended Complaint, ECF No. 45, is **GRANTED.** The Court finds that this suit is barred by the tribal and tribal officials' sovereign immunity, which was neither abrogated nor waived. Plaintiffs' First Amended Complaint (ECF No. 40) and this litigation is dismissed with prejudice.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order, enter Judgment accordingly, and to provide copies to all counsel.

**DATED** this ____10th____ day of November, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

---

[3]The sovereign immunity applies to the Colville Confederated Tribes, a federally-recognized Indian tribe and to the individually named tribal officials acting in their official capacities. *See Linneen v. Gila River Indian Community*, 276 F.3d 489, 492 (9th Cir.2002) (immunity extends to tribal officials when acting in their official capacity and within the scope of their authority).

ORDER ~ 8